IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MAURICE BULLOCK, #189070, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:15-CV-638-MHT |
| | ) |
| WARDEN STRICKLAND, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on an amended complaint filed on March 8, 2016 by Maurice Bullock ("Bullock"), a state inmate currently incarcerated in the Mental Health Unit at the Bullock Correctional Facility. In the amended complaint, Bullock alleges that correctional personnel have deprived him of access to adequate legal materials, denied him the right to practice his religion and interfered with his legal mail. *Doc. No. 94* at 3-5. He also challenges the February 17, 2016 decision of the Involuntary Medication Review Committee to force medicate him with antipsychotic medication for treatment of his diagnosed chronic mental illness (schizoaffective disorder, bipolar type) and the refusal of his attending physician to discontinue prescribed blood pressure medication. *Id*. at 5-8.

On March 11, 2016 (Doc. No 96) and March 23, 2016 (Doc. No. 100), the plaintiff filed a motion for preliminary injunction and motion to compel injunctive relief in which

he seeks issuance of a preliminary injunction requiring additional access to the law library and legal materials.[1] Specifically, Bullock alleges that he is in need of additional legal kits, carbon paper and time in the law library to ensure adequate access to the courts. He further asserts that Warden Mason removed various forms from the law library. The defendants filed a response, supported by affidavits, in which they assert that Bullock is not entitled to the requested preliminary injunctive relief.

Upon review of the motion for preliminary injunction, the motion to compel injunctive relief and the response thereto filed by the defendants, the court concludes that this motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Bullock demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.,* 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an

---

[1] Bullock contends that his already limited time in the law library is further restricted because it is the same time he is allotted for purchasing items from the commissary. *Doc. No. 96* at 2.

extraordinary and drastic remedy not to be granted unless the movant clearly established

the "burden of persuasion' as to the four requisites."

extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III.  DISCUSSION

Bullock complains that the time he is allowed physical access to the law library is inadequate and argues that he should be provided additional legal materials, including carbon paper, to assure he receives appropriate access to the court

In their response to the motion for preliminary injunctive relief and motion to compel injunctive relief, the defendants maintain that Bullock is provided access to "the Law Library twice a week for approximately one hour. During that time, the inmates may also pick up Canteen or snack line items." *Doc. No. 102-1 (Affidavit of Kenneth L. Jones)*. Warden Rene´ Mason addresses Bullock's claims as follows:

> I have never denied Inmate Maurice Bullock access to the courts and/or legal kits. It is obvious he has had access to the courts and has been provided legal kits based on the filings he has made with [the] courts. Inmate Bullock has received legal kits and there is a sheet of carbon paper in the legal kit. I have never received any complaints from Inmate Bullock that he did not get a legal kit or that he needed carbon paper….
> I have never removed any forms from the law library. The law clerk notifies me or the officer assigned to the law library if the supply of any form is running low and more copies need to be provided. The law library has never run out of any legal forms. I have never received a complaint or request slip from any inmate; to include Inmate Bullock, that the law library was out of a form….

*Doc. No. 102-2 (Affidavit of Rene´ Mason)* at 1-2.

The law directs that incarcerated persons are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance recognized in *Bounds*. Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library, legal assistance program or access provided by officials. *Lewis*, 518 U.S. at 349. In identifying the particular right protected by *Bounds*, the Court explained that "*Bounds* established no ... right [to a law library or to legal assistance]. The right that *Bounds* acknowledged was

4

the (already well-established) right of **access to the courts**.... [P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. at 350-351 (emphasis in original) (citations omitted). The Court further indicated that *Bounds* did not require "that the State ... enable the prisoner to **discover grievances**, and to **litigate effectively** once in court.... To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] ... the Constitution requires." *Id*. at 354 (emphasis in original).

The Court similarly determined that the mere claim of a systemic defect, without a showing of actual injury, did not present a claim sufficient to confer standing. *Lewis*, 518 U.S. at 349. "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims. *Id*. at 356. "*Bounds* ... guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate ... shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates [the

requisite actual injury]." *Lewis,* 518 U.S. at 356. Finally, the Court indicated that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions or conditions of confinement.... [I]t is that capability ... that is the touchstone." *Id*. at 356-357. "[T]he Constitution does not require that prisoners ... be able to conduct generalized research, but only that they be able to present their grievances to the courts – a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. The Court admonished that federal courts should allow prison officials to determine the best method of ensuring that inmates are provided a reasonably adequate opportunity to present their nonfrivolous claims of constitutional violations to the courts. *Id*. at 356. A federal district court must "'scrupulously respect[] the limits on [its] role,' by 'not ... thrust[ing] itself into prison administration' and instead permitting '[p]rison administrators [to] exercis[e] wide discretion within the bounds of constitutional requirements.' [*Bounds*, 430] U.S. at 832-833, 97 S.Ct. at 1500." *Id*. at 363.

      Throughout the proceedings in this case, Bullock has demonstrated that he is both proficient and prolific at presenting and arguing claims to a court of his choosing. Nothing in the record before this court indicates that the challenged lack of access to the law library or legal materials improperly impeded or adversely affected Bullock's efforts to pursue nonfrivolous legal claims. The record is devoid of evidence that the actions about which Bullock complains deprived him of the capability of pursuing meritorious claims in this or any other court.

Thus, turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Bullock has failed to demonstrate a substantial likelihood of success on the merits of his access to court claim. Bullock likewise fails to establish a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants, as issuance of the injunction would adversely impact the ability of correctional officials to provide all inmates necessary access to the law library/legal materials in a manner they deemed most efficient and beneficial. Finally, the public interest element of the equation is, at best, a neutral factor at this time. Thus, Bullock has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction (Doc. No. 96) and motion to compel injunctive relief (Doc. No. 100) filed by the plaintiff be DENIED.

2. This case be referred back to the undersigned for additional proceedings.

It is further ORDERED that on or before **December 14, 2016** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in

accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 30th day of November, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge