IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MAURICE BULLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:15cv638-MHT |
| | ) | (WO) |
| WARDEN STRICKLAND, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

The plaintiff, a pro se state prisoner, filed a motion for class certification in this case challenging forced administration of certain medication.  Courts have held repeatedly that pro se individuals cannot litigate on behalf of others.  See, e.g., Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that a pro se prisoner could not bring an action on behalf of his fellow inmates); Bass v. Benton, 408 F. App'x 298, 299, 2011 WL 118246, *1 (11th Cir. 2011) (affirming dismissal of former prisoner's pro se § 1983

complaint because he "may not represent the plaintiffs in a class action suit"); Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a pro se inmate could not bring a petition for equitable relief on behalf of his fellow inmates). "A prerequisite for class action certification is a finding by the Court that the representative party or parties can 'fairly and adequately protect the interest of the class.' Fed. R. Civ. P. 23(a)(4). It is well established, however, that a pro se plaintiff 'cannot be an adequate class representative.'" Andrews v. Dep't of Corr., No. 4:13-CV-567-MW/CAS, 2014 WL 28799, at *1 (N.D. Fla. Jan. 2, 2014) (Stampelos, M.J.) (citation omitted). Moreover, even if pro se individuals could litigate on behalf of others, the record does not reflect that the plaintiff here would be an adequate class representative.

**\*\*\***

Accordingly, it is ORDERED that plaintiff's motion for class certification (doc. no. 222) is denied.

DONE, this the 16th day of March, 2017.

                                            /s/ Myron H. Thompson
                                          **UNITED STATES DISTRICT JUDGE**